IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MORTIMER FAMILY FUNERAL**
**HOME, LLC, MORTIMER FUNERAL**
**HOME, INC., ROBERT BOWLES**
**MORTIMER, JR. AND**
**JOHN ARTHUR MORTIMER, II**                                              **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 4:19-CV-180-DMB-RP**

**JOHNSON CONSULTING GROUP,**
**D/B/A JCG CAPITAL, LLC,**
**FIRST CHATHAM BANK,**
**OPULENCE PROTECTION, D/B/A**
**SBA PROTECTION RADAR LENDER**
**SERVICES, LLC; and JOHN AND**
**JANE DOES 1-10**                                                        **DEFENDANT**

## ORDER GRANTING MOTION TO TRANSFER VENUE

This matter is before the court on First Chatham Bank and Radar Lender Services, LLC's Motion for Transfer under 28 U.S.C. § 1404(a). Docket 7. First Chatham and Radar seek a transfer of venue to the U.S. District Court for the Southern District of Georgia pursuant to the forum selection clause in the agreement between the plaintiffs and First Chatham. The plaintiffs oppose the request for transfer, arguing the forum selection clause is unenforceable.

In its Order for Additional Briefing, the court previously concluded that the subject forum selection clause is mandatory and applicable, that the plaintiffs' arguments against enforcement are unpersuasive, and that if the plaintiffs, First Chatham, and Radar were the only parties in this case, the motion to transfer would be granted. Docket 28. Those conclusions and the stated reasons therefor are adopted and incorporated herein. However, because the non-signatory defendant Opulence Protection had not yet responded to the complaint or made its position on the motion to transfer known, the court ordered that defendant to respond to the motion and

afforded the other parties the opportunity to respond to Opulence Protection's filing. Wishing to avail itself of the subject forum selection clause, Opulence Protection has now joined in the motion to transfer (Docket 30), and the other parties have not opposed or otherwise responded to Opulence Protection's request within the time permitted. The motion to transfer is now ripe for decision, and the court finds it is well taken and should be granted.

Opulence Protection is similarly situated to Radar, in that under the circumstances of this case, although it is a non-signatory to the forum selection clause, Opulence Protection may nonetheless avail itself of the forum selection clause in seeking a transfer of the plaintiffs' claims against it. The court notes that for enforceability purposes, there is no distinction between forum selection clauses and arbitration clauses. *Haynesworth*, 121 F.3d 956, 963 (5th Cir. 1997); *Mitsui & Co. (USA) v. Mira M/V*, 111 F.3d 33, 36 (5th Cir.1997). It follows that non-signatories may enforce a forum selection clause to the same extent non-signatories may compel arbitration. Signatories are estopped from preventing arbitration of their disputes with non-signatories when: (1) the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against anon-signatory (the direct benefits prong); or (2) when the signatory raises allegations of substantially interdependent and concerted misconduct by both the non-signatory and one or more signatories to the contract (the concerted-misconduct prong). *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 527-28 (5th Cir. 2000); *Amstar Mortgage Corporation v. IndianGold, LLC*, 517 F.Supp.2d 889, 894-95 (S.D. Miss. 2007). If either or both bases of estoppel are available to compel arbitration, it remains within the district court's discretion whether to do so. *Grigson*, 210 F.3d at 528. It appears to the court that both bases of estoppel are available to Opulence in this case.

Although Opulence Protection is a non-signatory to the agreement between the plaintiffs

and First Chatham, the plaintiffs have brought a cause of action for breach of contract against Opulence Protection, alleging it and the other defendants failed to perform under the contract, resulting in damages to the plaintiffs. The plaintiffs must rely on the terms of the contract to establish a breach by Opulence Protection. Therefore, the direct benefits prong is available to Opulence Protection. Further, virtually all of the plaintiffs' allegations of misconduct are made as to the defendants as a whole and not individually. For instance, paragraph 23 of the Complaint alleges, "The Defendants, jointly and severally, negligently misrepresented material facts regarding financing eligibility of the Plaintiffs based on pre-existing facts known by the Defendants and disclosed by the Plaintiffs." Docket 2 at 6. Because the plaintiffs make allegations of substantially interdependent and concerted misconduct by non-signatory Opulence Protection and signatory First Chatham, the concerted-misconduct prong is also available to Opulence Protection as a basis to enforce the forum selection clause.

The court finds that the subject forum selection clause is enforceable by the defendants, and the Motion for Transfer under 28 U.S. Code § 1404(a) is therefore GRANTED. It is ORDERED as follows:

1) This case will be transferred to the United States District Court for the Southern District of Georgia, Savannah Division;

2) The Clerk of Court is directed to transfer the complaint and the entire record to the United States District Court for the Southern District of Georgia, Savannah Division; and

3) This case is **CLOSED.**

**SO ORDERED,** this the 9th day of April, 2020.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE